*Formatted for Electronic Distribution*                                          *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF VERMONT

_____

**In re:**
    **Andrea K. Shader,**                                    **Chapter 7 Case**
        **Debtor**                                            **# 10-10480**
_____

Filed & Entered
On Docket
December 16, 2011

**Paper Mill Village, Inc.,**
        **Plaintiff,**
        **v.**                                               **Adversary Proceeding**
**Andrea Kontrovitz Shader,**                                **# 10-1025**
        **Defendant.**

_____

## ORDER
### REGARDING PLAINTIFF'S REQUESTS TO ADMIT

The issue before the Court is whether the Plaintiff may treat as admitted the facts set forth in its requests to admit, for purposes of the pending motion for summary judgment, based upon the Defendant's failure to respond.

Paper Mill Village, Inc. (the "Plaintiff") filed a complaint (doc. # 1) to commence the instant adversary proceeding on July 9, 2010, and filed an amended complaint (doc. # 6) on July 30, 2010. There was very little activity in the proceeding for the first several months it was pending. On December 6, 2010, the Court entered an Order (doc. # 15), granting the stipulated withdrawal of the attorney for Andrea Kontrovitz Shader (the "Defendant"). Since that date, the Defendant has proceeded in this action *pro se*.

On January 3, 2011, the Plaintiff's attorney, Michael Kainen, filed a discovery certificate (doc. # 17) stating that on December 29, 2010, he had served the Plaintiff's request to admit on the Defendant. Mr. Kainen was subsequently replaced as attorney for the Defendant by attorney John J. Kennelly.[1]  At the April 26, 2011 status hearing, attorney Kennelly raised the issue of outstanding discovery, and stated that the Defendant had not yet responded to the Plaintiff's requests to admit. Without specifically granting on an extension of time to respond to the requests to admit, the Court ordered the parties to re-work the discovery and other deadlines in the case because the Defendant indicated that she had not been able to retain an attorney, she anticipated proceeding in the matter *pro se*, she had not yet had time to review all the evidence in the case, and the issues presented appeared to be complicated. After a May 18,

---

[1]     The Court granted Mr. Kainen's withdrawal as the Plaintiff's attorney by Order dated February 2, 2011 (doc. # 20), and on
      March 31, 2011, attorney John J. Kennelly entered an appearance on behalf of the Plaintiff.

2011 status hearing, the Court entered an amended scheduling order (doc. # 31) which set a September 1,

2011 deadline for completion of all discovery.

On September 1, 2011, the Plaintiff filed a motion for summary judgment (doc. # 33) and called

into question the status of the requests to admit.  As of that date, the Defendant's responses to the

Plaintiff's requests to admit were approximately 8 months past due.  The Plaintiff argues that, by

operation of Rule 7036, the matters set forth in the requests to admit have been admitted, and thus can be

relied upon as a basis for factual findings in the context of summary judgment. The Defendant filed a

response to the Plaintiff's motion on October 4, 2011, accompanied by a memorandum of law in

opposition to summary judgment and a motion to exclude the requests to admit (doc. # 35).[2]

The Defendant's motion to exclude appears to be based on five grounds: (1) since it was attorney

Kainen who served and filed the discovery certificate, the Plaintiff's current counsel has no direct

knowledge as to whether the requests to admit were actually served, and cannot enforce them; (2) the

Defendant never received the requests to admit; (3) at the April 26, 2011 hearing, the  Defendant put

attorney Kennelly on notice of this fact by stating on the record that she never received the requests to

admit; (4) the Plaintiff's attorney never made a motion to have the requests to admit deemed admitted;

and (5) the Plaintiff's attorneys acted in bad faith and with unclean hands by relying upon the requests to

admit in the it motion for summary judgment.

Rule 36 requests to admit are a valuable discovery tool.  "Rule 36 serves two vital purposes: to

narrow the issues for trial by eliminating issues with respect to which there is no dispute, and to facilitate

the proof at trial with respect to issues that cannot be eliminated from the case."  Meyers v. Town of

Putney (In re Corp. of Windham Coll.), 34 B.R. 408, 411 (Bankr. D. Vt. 1983) (citing Fed. R. Civ. P. 36,

advisory committee note). The Plaintiff attempted to advance these purposes by serving request to admit

upon the Defendant early on in the case.

Under Rule 36, made applicable to this proceeding by Fed. R. Bankr. P. 7036[3], "[a] matter is

admitted unless, within 30 days after being served, the party to whom the request is directed serves on the

requesting party a written answer or objection addressed to the matter and signed by the party or its

attorney." Fed. R. Bankr. P. 7036(a)(3).  Since the Defendant did not respond within 30 days of the date

on which the certificate of service affirms the Defendant was served, Rule 36 would require a finding that

the Defendant has admitted the facts set forth in the request to admit, unless, upon motion, the Court

---

[2]    Under Vt. LBR 7056-1(a)(2), the Defendant's response to the Plaintiff's motion for summary judgment was due on
       September 22, 2011, so this response was not timely filed.

[3]    A copy of Federal Rule of Civil Procedure 36 and Federal Rule of Bankruptcy Procedure 7036 are attached hereto.

2

determines there are circumstances which warrant permitting the Defendant to withdraw or amend the admissions.

The Defendant styles her motion as a motion to exclude those admissions, though Rule 36 permits only the withdrawal or amendment of admissions.  Under the strict criteria of Rule 7036(b), a "matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . . the court may permit withdrawal or amendment if it would promote the presentations of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Bankr. P. 7036(b).  "Thus, the Court has the power to make exceptions to the Rule only when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." Donovan v. Carls Drug Co., Inc., 703 F.2d 650, 652 (2d Cir. 1983) (rejected on other grounds).  The Defendant's arguments for exclusion of the admissions do not articulate or squarely address the Rule 7036(b) criteria.  However, since the Defendant is proceding *pro se*, the Court gives her motion additional scrutiny, to ascertain if she has established grounds for relief under Rule 36.

The Defendant's first and second arguments, with respect to service, are not persuasive.  The Plaintiff's former counsel filed a discovery certificate, subject to potential Rule 9011 sanctions, verifying that he served the requests to admit upon the Defendant at 252 Western Avenue, Brattleboro, VT 05301. The Court has not identified, and the Defendant has not articulated, any reason to doubt the veracity of statements in attorney Kainen's discovery certificate.  Additionally, service is presumed effective upon mailing.  "Proper mailing creates a presumption of receipt," Rendina v. Northrop, 399 B.R. 376, 380 (D. Vt. 2008) (citing Hagner v. United States, 285 U.S. 427, 430 (1932); Fed. R. Bankr. P. 9006(e) (service of notice by mail is complete on mailing)).  Furthermore, the Defendant used the same 252 Western Avenue address when she signed her response to the Plaintiff's motion, and has not notified the Court of any change of address.  Finally, substitution of counsel, which happens in cases for a variety of reasons, does not render all prior history of discovery meaningless nor does it restart the discovery process.  If this were so, it would place substantial financial and time burdens on both the Courts and the parties to cases, and litigation would grind to a halt.

With respect to the Defendant's third argument, the Court reviewed the audio transcript of the April 26, 2011 hearing, and at no time did the Defendant state on the record at that hearing that she had not received the requests to admit.  Therefore, her argument that she put attorney Kennelly on notice of this fact at that hearing is without merit.

The Court finds the Defendant's fourth argument is likewise meritless.  The Plaintiff need not file a motion for the requests to admit to be deemed admitted for their admission to be recognized by the

Court.  See Amn. Tech. Corp. v. Mah, 174 F.R.D. 687, 689 (D. Nev. 1997) ("Since unanswered requests

for admission are automatically deemed judicially admitted under Rule 36(a), no court intervention is

required"); Fed. Trade Comm'n v. Medicor LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002).  The

responding party has an affirmative duty to respond to requests to admit.  Gallipo v. City of Rutland, 178

Vt. 244, 253, 882 A.2d 1177, 1184 (Vt. 2005).

Finally, the Defendant's final argument, accusing the Plaintiff's attorney of acting in bad faith is

both unavailing and troubling.  There is nothing in the record that provides even the slightest hint that the

Plaintiff's counsel acted in bad faith or with unclean hands when he relied upon the facts set forth in the

requests to admit to support the Plaintiff's summary judgment motion.  He was proceeding precisely as

the rules envision and authorize him to proceed in litigation. See S.E.C. v. Dynasty Fund, Ltd., 121 Fed.

Appx. 410, 412 (2d Cir. 2005) (affirming district court decision granting summary judgment in reliance

upon requests to admit deemed admitted); Donovan, 703 F.2d at 651 (requests to admit deemed admitted

"may be used for Rule 56 summary judgment) (citations omitted); Gallipo, 178 Vt. at 253, 882 A.2d at

1184 ("We initially note that courts may grant summary judgment based on unanswered requests to

admit.") (citation omitted).  This Court takes seriously any allegation of bad faith or improper conduct by

attorneys appearing before this Court and promptly investigates the record to determine if a hearing on

that issue is warranted.  Here the Court finds no such conduct and admonishes the Defendant to refrain

from making allegations that impugn the character of an attorney without a solid basis in the record.

In sum, the Court finds that none of the Defendant's five arguments establish the criteria set forth

in Rule 36(b), and turns to the question of whether the Defendant has, elsewhere in her papers,

demonstrated a right to relief, notwithstanding her failure to respond to the requests to admit.

Rule 36(b) gives courts discretion when assessing whether a failure to respond to a request to

admit should to be treated as an admission.  See Donovan, 703 F.2d at 651–52 ("Under Rule 36(b), the

decision to excuse the defendant from its admissions is in the court's discretion."); Dartmouth Coll. v.

Kozaczek, 2010 VT 113, ¶ 11–13, 19 A.3d 1236 (Vt. 2010).  This Court will exercise that discretion in

favor of the moving party where granting relief will not prejudice the opposite party with respect to the

merits of the case and will advance resolution of the case, if the record in the case warrants it. The Court's

review of the Defendant's response to the Plaintiff's summary judgment motion and her response to the

Plaintiff's statement of undisputed material facts reveals a significant overlap between the facts set forth

in those two documents and the facts listed in the Plaintiff's requests to admit.  Having more clarity about

the facts related to the causes of action set out in the complaint will aid in the litigation of the merits, and

may well narrow the issues for the decision on the motion for summary judgment and eventual trial.

Weighing the value of having this additional information against a slight delay at this stage of the

litigation, the Court finds grounds to relieve the Defendant from a strict application of Rule 36(a). Therefore, the Court will grant the Defendant the relief afforded under Rule 36(b) and give her a brief opportunity to file actual responses to the requests to admit on the terms set forth herein.

The Defendant shall have twenty-one (21) days from the date of this order to respond to the requests to admit, and if she fails to file a timely, clear and responsive answer to any such request, the subject fact shall be treated as if she had admitted it. The Defendant shall file her answers or objections in the form contemplated by Rule 36(a)(4)–(5). The Plaintiff will have twenty-one (21) days after the Defendant files her response to the requests to admit, to, if it wishes, file a reply memorandum to address any issues raised by the Defendant's response to the requests to admit or in the Debtor's response to Plaintiff's summary judgment motion, or to file an amended motion for summary judgment.

Although the Court is granting the Defendant's motion for an exception to the strict application of the discovery rules in connection with the requests to admit, the Defendant is cautioned not to expect a relaxation or waiver of court requirements based upon her *pro se* status going forward. A former paralegal, the Defendant's conduct in this case reveals a greater level of legal comprehension and skill than that of a typical *pro se* litigant. The Defendant has filed papers in this adversary proceeding that are generally responsive, clear and cogent; has included proper citation to relevant cases and legal standards; and has generally comported with the format requirements of the federal and local rules. Given the Defendant's evident understanding of general legal principles, competence in formulating and presenting legal argument, and apparent sophistication in litigation matters generally, the Court believes the Defendant is cognizant of her duty to comply with discovery and pleading deadlines and to obey court orders. The Court expects her to fulfill these duties going forward in this proceeding.

In light of the foregoing, IT IS HEREBY ORDERED that

(1) the Clerk's Office shall immediately mail the Defendant a copy of this order and a copy of the Plaintiff's requests to admit (attached as Schedule A to Plaintiff's motion for summary judgment (doc. # 33));

(2) the Defendant shall respond to the Plaintiff's requests to admit by January 6, 2011; and

(3) if the Plaintiff wishes to file a reply memorandum to address any issues raised by the Defendant's response to the request to admit or any issues raised in the Debtor's response to Plaintiff's Motion, or to file an amended motion for summary judgment, it shall do so by January 27, 2012.

SO ORDERED.

December 16, 2011                              Colleen A. Brown
Burlington, Vermont                            United States Bankruptcy Judge

5

Federal Rules of Bankruptcy Procedure, Rule **7036**                                                                Page 1

**C**

United States Code Annotated Currentness
  Bankruptcy Rules (Refs & Annos)
    Part VII. Adversary Proceedings
      **Rule 7036. Requests for Admission**

Rule 36 F.R.Civ.P. applies in adversary proceedings.

Amendments received to 11-1-11

Westlaw. (C) 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

C

United States Code Annotated Currentness
    Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
        Title V. Disclosures and Discovery (Refs & Annos)
            **Rule 36. Requests for Admission**

**(a) Scope and Procedure.**

**(1)** *Scope.*A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

    **(A)** facts, the application of law to fact, or opinions about either; and

    **(B)** the genuineness of any described documents.

**(2)** *Form; Copy of a Document.*Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

**(3)** *Time to Respond; Effect of Not Responding.*A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

**(4)** *Answer.*If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**(5)** *Objections.*The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

**(6)** *Motion Regarding the Sufficiency of an Answer or Objection.*The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

the matter is admitted or that an amended answer be served. The court may defer its final decision until a pre-trial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

**(b) Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

CREDIT(S)

(Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 30, 2007, effective December 1, 2007.)

Amendments received to 11-1-11

Westlaw. (C) 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.